# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

GLORIA MARIGNY,
          Appellant,

      v.

DEPARTMENT OF VETERANS
    AFFAIRS,
          Agency.

DOCKET NUMBER
AT-0752-14-0737-I-2

DATE: November 7, 2022

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Gloria Marigny</u>, Milwaukee, Wisconsin, pro se.

<u>Lois F. Prince</u> and <u>Bradley Flippin</u>, Esquire, Nashville, Tennessee, for the
    agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which
dismissed her alleged involuntary resignation appeal for lack of jurisdiction.
Generally, we grant petitions such as this one only in the following

---

[1] A nonprecedential order is one that the Board has determined does not add
significantly to the body of MSPB case law. Parties may cite nonprecedential orders,
but such orders have no precedential value; the Board and administrative judges are not
required to follow or distinguish them in any future decisions. In contrast, a
precedential decision issued as an Opinion and Order has been identified by the Board
as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2     The appellant worked for the agency as a Licensed Practical Nurse. *Marigny v. Department of Veterans Affairs*, Docket No. AT-0752-14-0737-I-1, Initial Appeal File (IAF), Tab 12, Subtab 4b.  In December 2009, a Nurse Manager issued the appellant a written counseling for repeated instances of tardiness.  IAF, Tab 24 at 50-51.  In September 2010, a Chief Nurse placed the appellant on a 4-week "orientation review" after the appellant made several medication and documentation errors.  IAF, Tab 15 at 81, Tab 24 at 48.  The review period was extended due to her absences and ultimately concluded in December 2010.  IAF, Tab 24 at 48-49.  The agency did not issue any discipline to the appellant as a result of her performance during the orientation period, although she was resistant to feedback and did not complete required training, and her performance during this period was mixed.  *Id.*

¶3     In September 2011, a different Nurse Manager issued the appellant a written admonishment for failing to attend a fact-finding meeting as instructed and for

absence without leave (AWOL). *Id.* at 10-12. Four days later, the appellant asked her Assistant Unit Manager to assign her to work with a different Registered Nurse for the remainder of her shift. IAF, Tab 14 at 6, Tab 27 at 125. According to the appellant, during the course of this discussion, the Assistant Unit Manager refused her request and "intentionally bumped into [the appellant], using her breasts . . . three times." IAF, Tab 14 at 6, Tab 27 at 125.

¶4      On an unidentified date, one of the appellant's coworkers reported to management that the appellant had failed to connect an assigned patient to his intravenous (IV) medication for almost an hour despite alerts from the IV equipment and three reminders from the coworker. *Marigny v. Department of Veterans Affairs*, MSPB Docket No. AT-0752-14-0737-I-2, Refiled Appeal File (RAF), Tab 29, May 18, 2016 Hearing Compact Disc (HCD), Track 1 at 01:11:50-01:15:36 (testimony of the appellant's coworker).[2]      After the appellant's coworker gave her the third reminder, the appellant left the floor and another nurse performed this task. *Id.*

¶5      During April, May, and June 2012, different supervisors instructed the appellant to complete mandatory training and request leave for time off that she already had taken. IAF, Tab 12, Subtab 4b. As to the training, the appellant began taking it at one point in April 2012, but left while it was in progress. IAF, Tab 14 at 8, Tab 24 at 34. According to the appellant, the training, which a supervisor told the appellant would take 20 to 30 minutes, in fact would take 1 to 2 hours, and she left to use the restroom. IAF, Tab 14 at 8, Tab 24 at 30. Based on her failure to follow instructions, as well as her tardiness on one occasion in April 2012, the Chief Nurse proposed the appellant's removal for failure to follow instructions and AWOL in July 2012. IAF, Tab 12, Subtab 4b. The appellant resigned from her position on September 6, 2012. RAF, Tab 37, Initial Decision (ID) at 1. In her resignation letter, she stated that she was resigning

---

[2] It appears this incident may have occurred in March 2012. IAF, Tab 1 at 1, Tab 14 at 7.

"due to [a] continued hostile work environment." IAF, Tab 1 at 4. In 2014, the appellant filed an appeal, alleging that she resigned because of a hostile work environment, unlawful discrimination, and reprisal for equal employment opportunity (EEO) activity. IAF, Tab 14 at 4-12; ID at 3-4. Included among the incidents of harassment were the events listed above, as well as alleged mistreatment by her coworkers. IAF, Tab 14 at 4-12.

¶6      The administrative judge held the appellant's requested hearing. ID at 1-2. Immediately prior to, during, and after the hearing, the appellant attempted to admit exhibits not previously entered in the record, including statements from an approved witness who had not appeared at the hearing and from disallowed witnesses. RAF, Tab 22 at 2-3, Tab 31, May 25, 2016 HCD, Tab 32 at 9-30. The administrative judge rejected many of those additional exhibits and did not consider them in making her findings. ID at 2 n.1.

¶7      The administrative judge issued an initial decision dismissing the appeal for failure to prove Board jurisdiction. ID at 1-2, 18-19. She found that the appellant failed to prove that some incidents with management occurred as alleged, and that management justified its actions as to other incidents. ID at 4-17. As to the appellant's allegations that her coworkers subjected her to a hostile work environment, the administrative judge found that, even if true, the alleged incidents would not have caused a reasonable person to resign. ID at 17-18.

¶8      The appellant has filed a petition for review of the initial decision. Petition for Review File (PFR) File, Tab 1. On review, she challenges the administrative judge's credibility findings regarding many of the alleged incidents, reasserts her claim that her resignation was involuntary, and claims that the administrative judge committed procedural errors that violated her due process rights. PFR File,

Tab 1 at 5-8, Tab 11 at 1-3. The agency has filed a response, to which the appellant has replied.[3] PFR File, Tabs 10-11.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The administrative judge made appropriate factual findings.</u>

¶9    The administrative judge found that the agency provided the appellant with an orientation review because of her medication and documentation errors, designated certain of the appellant's absences as AWOL because she was chronically late without obtaining prior approval, disciplined her because of this AWOL, and proposed her removal after she failed to follow repeated instructions to complete her mandatory training. ID at 4-6, 11-12, 14-17. The administrative judge also found that the appellant's Assistant Unit Manager did not assault the appellant and that the appellant failed to connect a patient to his IV as her coworker claimed; and that the agency did not demote the appellant, assign her an unusually heavy workload, or unnecessarily disrupt her work as she alleged. ID

---

[3] The appellant also has filed three motions for leave to submit additional documents. PFR File, Tabs 8, 13, 20. In letters acknowledging the appellant's motions, the Office of the Clerk of the Board advised her that the Board's regulations do not provide for such pleadings, and that, for the Board to consider the proffered submissions, she must describe the nature and need for them and show that the evidence was not readily available before the record closed. PFR File, Tabs 9, 14, 21; *see* 5 C.F.R. § 1201.114(a)(5), (k). In her first motion, the appellant moves to submit additional evidence to "support[] [her] claim" and "show[] Contradictory Statements." PFR File, Tab 8 at 1. In her second motion, she indicates that she "would like to request Motion with leave to submit additional documents." PFR File, Tab 13 at 1. In her third motion, she requests to submit "New documents . . . applicable to the Laws and Regulations of MSPB Due Process" and argument challenging an order issued by the administrative judge. PFR File, Tab 20 at 2, 4. She attributes any delay in submitting this argument and evidence to her attorney's negligence; however, to the extent the appellant was represented below, she was responsible for the errors of her chosen representative. *Gaetos v. Department of Veterans Affairs*, 121 M.S.P.R. 201, ¶ 6 (2014). The appellant does not appear to be represented on review. PFR File, Tab 1, Tab 20 at 2, 4. Because the appellant has not shown that the documents she seeks to submit were not readily available before the close of the record or described how the proffered argument and evidence are relevant to the outcome of her petition for review, we DENY her motions. *See* 5 C.F.R. § 1201.114(a)(5), (k).

at 4-13. In addition, she concluded that the appellant failed to provide sufficient evidence to meet her burden to prove that other alleged events occurred, such as her claim that her coworkers yelled at her or that her time and attendance records were changed without explanation. ID at 4-5. Finally, the administrative judge concluded that, even if the appellant's coworkers made comments based on race as alleged, the comments were insufficiently severe to cause a reasonable person in the appellant's position to resign.[4] ID at 17-18.

¶10    The appellant disputes these and other factual findings. PFR File, Tab 1 at 6-7. For example, she argues that she obtained prior approval for leave that was designated as AWOL, and that the agency assigned her an unfair workload and did not provide sufficient feedback regarding her performance. *Id.* The appellant also argues without evidence that the administrative judge altered the hearing record. *Id.* at 5.

¶11    We decline to disturb the administrative judge's factual findings. In making these findings, she assessed the witnesses' demeanor and observations of the events, the inconsistency of the appellant's testimony and the record evidence, other witnesses' lack of motive to lie, and the inherent improbability of some of the appellant's assertions.[5] ID at 6, 8-13, 16-17; *see Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987) (listing these and other factors an administrative judge must consider in resolving credibility issues). The appellant's mere disagreement with the administrative judge's credibility findings

[4] In her petition for review, the appellant does not challenge the administrative judge's finding that the three or four alleged comments by her coworkers, suggesting that her last name and her children's names were "white" and referring to her skin tone, were not sufficient to establish Board jurisdiction over her appeal. PFR File, Tab 1; IAF, Tab 14 at 4-5. To the extent that the appellant attempts to challenge this well-reasoned finding in her reply to the agency's response to the petition for review, we decline to consider it. PFR File, Tab 11 at 3; *see* 5 C.F.R. § 1201.114(a)(4) (limiting a reply to a response to a petition for review to the factual and legal issues raised in the response).

[5] Although the appellant argues that she was unable to clearly see one witness who was testifying via video conference, PFR, Tab 1 at 5, there is no indication that the clarity of the picture affected the administrative judge's ability to observe the witness.

is not a sufficiently sound reason for the Board to overturn those determinations. *See Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002) (finding that the Board must defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on observing the demeanor of witnesses testifying at a hearing); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (finding that mere reargument of factual issues already raised and properly resolved by the administrative judge below do not establish a basis for review).  Further, we decline to grant review based on the appellant's unsubstantiated claim that the record was altered.

The appellant has not established that her resignation was involuntary.

¶12        A resignation is presumed to be a voluntary act and, therefore, beyond the Board's jurisdiction. *Morrison v. Department of the Navy*, 122 M.S.P.R. 205, ¶ 5 (2015) (discussing this presumption in the context of an alleged coerced retirement).  The presumption that a resignation is voluntary can be rebutted if the employee can establish it was the product of duress or coercion brought on by Government action, or of misleading or deceptive information.  *Id.*  Jurisdiction is established in constructive adverse action appeals by showing:  (1) the employee lacked a meaningful choice in the matter; and (2) it was the agency's wrongful actions that deprived her of that choice.  *Id.*

¶13        In light of the administrative judge's factual findings, as discussed above, we agree that the agency had a reasonable basis to issue a warning and admonishment for the appellant's AWOL and failure to follow instructions, place her on orientation review for a period of time due to medication and documentation errors, and propose her removal for failure to follow supervisory instructions and AWOL.  ID at 3, 5-6, 11-12, 14-17; IAF, Tab 12, Subtab 4b.  We therefore conclude that the proposed removal and other management actions at issue in this appeal were not coercive.  *See Morrison*, 122 M.S.P.R. 205, ¶ 6 (declining to find that a retirement was coerced when the agency had reasonable

grounds for proposing the appellant's removal); *see also Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶ 28 n.5 (2015) (stating that, to prove an AWOL charge, an agency must show that the employee was absent without authorization and, if the employee requested leave, that the request was properly denied), *overruled in part by Pridgen v. Office of Management & Budget*, 2022 MSPB 31, ¶¶ 23-25; *Hamilton v. U.S. Postal Service*, 71 M.S.P.R. 547, 556 (1996) (holding that an agency establishes the charge of failure to follow supervisory instructions by showing that proper instructions were given to an employee and that he failed to follow them).  We also agree with the administrative judge that the appellant failed to show that a reasonable person in her position would have felt that she had no realistic alternative but to resign.

¶14      The appellant also argues that the administrative judge should not have considered her discrimination claims.  PFR File, Tab 1 at 6.  We disagree.  The administrative judge appropriately addressed the appellant's allegations of discrimination and reprisal only insofar as they related to the issue of voluntariness.    ID at 17-18; *Vitale v. Department of Veterans Affairs*, 107 M.S.P.R. 501, ¶ 20 (2007) (explaining that the Board addresses allegations of discrimination and EEO reprisal in connection with an alleged involuntary resignation only insofar as those allegations relate to the issue of voluntariness).  Although the appellant indicated prior to the hearing that she was not raising discrimination claims, she has not shown how the administrative judge's adjudication of those claims affected the outcome of this appeal.  RAF, Tab 25 at 2; *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).  The administrative judge did not abuse her discretion with regard to exhibits, witnesses, and scheduling the hearing.

¶15      The appellant also argues that the administrative judge improperly rejected some of her hearing exhibits, excluded witnesses, limited her testimony and

examination of witnesses, and delayed the hearing. PFR File, Tab 1 at 5-6. She asserts that these rulings were inconsistent with her due process rights. *Id.* at 5. We find that the appellant's contentions are without merit.

¶16     On October 5, 2016, the parties agreed to dismiss the case without prejudice after each party had a change in representation. IAF, Tab 59, Tab 61, Initial Decision. After redocketing the appeal, the administrative judge rescheduled the hearing for May 17, 2016, at the request of the agency representative, who indicated that she had family obligations that precluded travel on the scheduled hearing date of May 5, 2016. RAF, Tab 15 at 4, Tab 17. Although the appellant argues that the administrative judge improperly delayed the hearing for the agency representative's "family outings," there is no evidence that the appellant objected to the change in hearing date. PFR File, Tab 1 at 6. The hearing went forward as scheduled on May 17, 2016, and continued to May 25, 2016. RAF, Tabs 29, 31. Under these circumstances, we decline to find that the administrative judge abused her discretion in delaying the hearing by less than a month. *See Bergstein v. U.S. Postal Service*, 28 M.S.P.R. 495, 497 (1985) (declining to find that a presiding official abused his discretion when he scheduled a hearing without first consulting with the appellant, and observing that it is common practice to schedule and reschedule hearings for a variety of circumstances); 5 C.F.R. § 1201.41(b)(5)-(6) (reflecting that administrative judges have authority to hold and regulate hearings).

¶17     In fact, the appellant herself requested and received two extensions for filing her prehearing submissions. RAF, Tabs 11-12, 16-17. On review, she argues that the administrative judge improperly returned submissions because the appellant did not serve the agency, even though these submissions were accompanied by certificates of service. PFR File, Tab 1 at 5, 7-8; RAF, Tabs 14, 23, 35-36. She does not provide copies of her certificates of service or any other evidence that she mailed these submissions to the agency. PFR File, Tabs 1, 11. Nor does she identify the documents that she believes the administrative judge

improperly excluded from evidence at the hearing, or explain why they should have been admitted. *Id.* Under these circumstances, we decline to find that the administrative judge abused her broad discretion on these matters. *See McCarthy v. International Boundary & Water Commission*, 116 M.S.P.R. 594, ¶ 24 (2011) (declining to find that an administrative judge abused his discretion by rejecting the appellant's proffer of documents on the ground that they were not included as exhibits in his prehearing submissions), *aff'd*, 497 F. App'x 4 (Fed. Cir. 2012); 5 C.F.R. § 1201.41(b)(3), (8) (discussing the authority of administrative judges to, as pertinent here, rule on offers of proof and exhibit lists).

¶18      The appellant also appears to argue that she was only permitted four witnesses. However, the record reflects that the administrative judge approved 11 of the appellant's 21 requested witnesses. RAF, Tab 22 at 2, Tab 25 at 2. Seven of these witnesses, plus the appellant, testified at the hearing. PFR File, Tabs 29, 31. The appellant argues that the administrative judge did not approve the most relevant witnesses. PFR File, Tab 1 at 5. However, she does not explain the basis for her disagreement. *Id.* Finally, the appellant argues that the administrative judge limited her to topics that the agency's attorney "talked about," and prematurely ended her testimony. *Id.* Because the appellant has failed to provide any specific arguments or record citations to substantiate her claims, we decline to find that she has shown that the administrative judge improperly limited the witnesses or testimony. *See Scoggins v. Department of the Army*, 123 M.S.P.R. 592, ¶ 20 (2016) (finding that the administrative judge did not abuse her broad discretion in controlling the proceedings by limiting the agency's cross-examination of the appellant); 5 C.F.R. § 1201.41(b)(8) (providing that administrative judges have the authority to rule on witnesses). We also find that the administrative judge did not violate the appellant's due process rights. *See Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1377 (Fed. Cir. 1999) (observing that the ultimate inquiry in connection with an alleged due

process violation is whether it was "so substantial and so likely to cause prejudice that no employee can fairly be required to be subjected to a deprivation of property under such circumstances").

¶19     Accordingly, we deny the appellant's petition for review and affirm the initial decision dismissing her involuntary resignation appeal for lack of jurisdiction.

## NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. \_\_\_\_ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before

you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[7]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                                    /s/ for
                                          Jennifer Everling
                                          Acting Clerk of the Board
Washington, D.C.